**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| NORMA M. FELDMAN-SNYDER,   Plaintiff,  vs.  LEHMAN BROTHERS HOLDINGS, INC., and BANK OF AMERICA (La Salle Bank National Association),   Defendants,  U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8,   Proposed Intervenor-Defendant. | 2:13-cv-00445-MMD-VCF  **ORDER**  **(Motion to Intervene #25)** |

   Before the court is U.S. Bank National Association, successor-in-interest to Bank of America, N.A., successor by merger to La Salle Bank National Association, as Trustee for Structured Asset Investment Loan Trust, mortgage pass-through certificates, series 2004-8's (hereinafter "U.S. Bank") Motion to Intervene. (#25). No opposition was filed.

**I. Motion to Intervene**

    A.    **Background**

On March 15, 2013, Plaintiff Feldman-Snyder filed her complaint in the Eight Judicial District Court, Clark County, Nevada. (#1-1 Exhibit A). Plaintiff alleges in her complaint that defendants Lehman Brothers Holdings Inc. (hereinafter "Lehman Brothers"), and Bank of America, N.A., successor by merger to La Salle Bank National Association (hereinafter "Bank of America") misrepresented ownership of their mortgage loan with Plaintiff and violated the pooling and servicing agreement that governed the securitized "Option One Deed of Trust." (#6). Plaintiff seeks $250,000 in damages and injunctive relief. (#1-1). On March 15, 2013, Defendants removed the action to this court based on diversity, pursuant to 28 U.S.C. § 1332. (#1).

On March 21, 2013, defendant Bank of America filed a motion to dismiss (#6) and a motion to set aside default (#7), with responses due by April 7, 2013. *Id*. On March 22, 2013, defendant Lehman Brothers filed a motion to dismiss (#10) and a motion to set aside default (#11), with responses due by April 8, 2013. *Id*. On April 8, 2013, U.S. Bank filed a motion to dismiss (#17)[1]. Plaintiff did not file timely responses to Defendants' motions (#6, #7, #10, and #11).

On April 10, 2013, defendant Lehman Brothers filed a notice of non-opposition regarding its motion to dismiss (#19), and a notice of non-opposition regarding its motion to set aside default (#20). On the same day, defendant Bank of America filed a notice of non-opposition regarding its motion to set aside default (#21) and a notice of non-opposition regarding its motion to dismiss (#22), and Plaintiff filed a late response to defendant Bank of America's motion to dismiss (#23). On April 16, 2013, defendants Lehman Brothers and Bank of America filed a joint reply in support of Bank of America's motion to dismiss (#6) and motion to set aside default (#7). (#24).

---

[1] At the time when U.S. Bank filed its motion to dismiss (#17), it was not a party to this action.

On April 17, 2013, U.S. Bank filed the instant motion to intervene. (#25). Any response to the motion to intervene was due by May 4, 2013. *Id*. No response was filed. On April 24, 2013, Plaintiff filed a response to U.S. Bank's motion to dismiss (#17). (#29). On April 30, 2013, Plaintiff filed a notice of lis pendens. (#30). On May 3, 2013, U.S. Bank filed a reply in support of its motion to dismiss. (#32).

**B.   Relevant Law**

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court must permit anyone to intervene who. . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24. The advisory notes to the 1966 amendment further explain that "where an action is being prosecuted or defended by a trustee, a beneficiary of the trust should have a right to intervene if he can show that the trustee's representation of his interest probably is inadequate." *Id*.

When evaluating whether a party may intervene as of right under Rule 24(a), this court applies a four-part test: "(1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001); *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (1996). Rule 24(a) is generally construed liberally in favor of potential intervenors. 268 F.3d at 818.

**C.   Argument**

U.S. Bank asserts in its motion that the court should grant the intervention because it has satisfied the requirements of the four-part test by showing that (1) it has submitted a timely motion to

3

intervene; (2) it possesses a "significantly protectable" interest relating to the property at issue; (3) a decision on the action may impede its ability to protect that interest; and (4) the existing parties may not adequately represent its interest. (#25).

U.S. Bank stresses that there is no bright-line rule as to when a motion to intervene may be made, and that the court should weigh any prejudice to the parties against the necessity of the intervenor to join in the action. *Id*. In support of its argument, U.S. Bank inadvertently states that it had submitted its motion to intervene "less than one week" after March 15, 2013; however, the motion was actually filed on April 17, 2013. *Id*. In this instance, because U.S. Bank states that Defendants have already conferred with it and do not object to the intervention, *id.*, the inconsistency regarding filing dates will not affect how this court evaluates the timeliness of the motion.

U.S. Bank asserts that Defendants transferred their interest in the "Subject Deed" to it, thereby making U.S. Bank the current beneficiary to the property interest that is central to Plaintiff's complaint. *Id*. U.S. Bank argues that this interest is what entitles it to intervene, because it is "the only party that maintains a current stake in the outcome of these proceedings" and would be impaired from protecting its rights in that interest if it was not allowed to participate in the action. *Id*.

U.S. Bank also claims that the interest in the action "lies alone with U.S. Bank," and that it "has its own interests independent of the named Defendants." *Id*. U.S. Bank states that, in light of Defendants' interests being transferred to it, "the named Defendants do not appear to be proper parties to this action in any capacity" and cannot adequately represent U.S. Bank. *Id*.

**D.     Discussion**

Responses to this motion to intervene were due by May 4, 2013. (#25). No oppositions from either side were filed, and in fact, U.S. Bank represents to the court that Defendants do not oppose the motion. *Id*. Pursuant to the Local Rules of Practice for this court, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the

motion." Local Rule 7-2(d).  U.S. Bank has made a reasonable showing to satisfy the four-part test for granting intervention as of right.  *See* (#25); *Berg*, 268 F.3d at 817.  "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention."  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  The court finds that no prejudice will result against the present parties by allowing U.S. Bank to intervene, and practical considerations dictate that, as the beneficiary to the property interest in this action, U.S. Bank has a need to be represented in a way that Defendants cannot adequately provide.

Accordingly and for good cause shown,

IT IS ORDERED that U.S. Bank National Association, successor-in-interest to Bank of America, N.A., successor by merger to La Salle Bank National Association, as Trustee for Structured Asset Investment Loan Trust, mortgage pass-through certificates, series 2004-8's Motion To Intervene (#25) is GRANTED[2].

DATED this 22nd day of May, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Included in the conclusion of U.S. Bank's motion to intervene was a request for the court to grant an attached motion to dismiss. (#25). The court declines to address this request because it is not properly included in the motion to intervene.