1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

DISTRICT OF NEVADA

10

* * *

11

NORMA M. FELDMAN-SNYDER,

12

Plaintiff,

13

v.

14

LEMAN BROTHERS HOLDINGS INC. and
BANK OF AMERICA (La Salle Bank

15

National Association), and U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE

16

FOR STRUCTURED ASSET

17

INVESTMENT LOAN TRUST,
MORTGAGE PASS-THROUGH

18

CERTIFICATES, SERIES 2004-8,

19

Defendants.

20

Case No. 2:13-cv-00445-MMD-VCF

ORDER

(Defs.' Motions to Dismiss
– dkt. nos. 6,10,17;
Defs.' Motions to Set Aside Default
– dkt. nos. 7, 11)

21

I.     SUMMARY

22

Before the Court are Defendant Bank of America's (La Salle Bank National

23

Association) ("BANA") Motion to Dismiss (dkt. no. 6) and Motion to Set Aside Default

24

(dkt. no. 7), Defendant Leman Brothers Holdings Inc.'s ("Lehman") Motion to Dismiss

25

(dkt. no. 10) and Motion to Set Aside Default (dkt. no. 11), and Defendant U.S. Bank

26

National Association as Trustee for Structured Asset Investment Loan Trust Mortgage

27

Pass-Through Certificates, Series 2004-8's ("U.S. Bank") Motion to Dismiss (dkt. no. 17).

28

For the reasons discussed below, the Motions are granted.

1    **II.   BACKGROUND**

2        The facts are not readily ascertainable from *pro se* Plaintiff's form[1] Complaint.

3 However, Plaintiff's claims presumably arise out of the foreclosure on Plaintiff's real

4 property located at 2336 Danville Court, Henderson, Nevada (the "Property").

5        The transactions relating to the Property may be reconstructed from recorded

6 documents offered by Defendants.[2]   Plaintiff obtained a $162,000 loan from American

7 Fidelity, Inc. on or about August 3, 2001, which she secured with a deed of trust

8 encumbering the Property. (Dkt. no. 6-2.)   American Fidelity, Inc. assigned the First

9 Deed of Trust to Countrywide Home Loans, Inc. on August 21, 2001. (Dkt. no. 6-3.)

10 Plaintiff subsequently refinanced this loan by obtaining a $238,000 loan from Option One

11 Mortgage Corporation. (Dkt. no. 6-4.)   In connection with the refinance, Option One paid

12 off the loan the First Deed of Trust secured.   Accordingly, Countrywide reconveyed the

13 First Deed of Trust. (Dkt. no. 6-5.)

14        Plaintiff brought suit on January 18, 2013. Plaintiff's Complaint does not list any

15 causes of action, but avers that "[j]urisidiction arises under Nevada and Federal statutes

16 for intentional misrepresentation and negligent misrepresentation." The Complaint's main

17 focus is that the ownership interest in Plaintiff's mortgage was forfeited due to the

18 securitization of Plaintiff's mortgage. Plaintiff seeks reconveyance of the Property,

19 $250,000.00, and injunctive relief.

20 ///

21

22

---

23        [1]The same Complaint, or some form of it, has appeared in several cases in the District. *See, e.g., Beebe v. Fed. Nat'l Mort. Assoc.,* No. 2:13-cv-311-JCM-GWF; *Burd v. Countrywide Sec.,* No. 2:13-cv-338-MMD-VCF; *Burd v. J.P. Morgan Chase,* No. 2:13-cv-337-JCM-PAL; *Duenas v. Bank of Am.,* No. 2:13-cv-354-GMN-GWF; *Salinas v. Fed. Nat'l Mort. Assoc.,* No. 2:13-cv-407-JCM-GWF; *Gonzalez v. Bank of New York Mellon,* No. 2:13-cv-306-GMN-CWH; *Santivanes v. Bank of New York Mellon,* No. 2:13-cv-00299-JCM-GWF; *Gamboa v.Goldman, Sachs & Co., et al.,* No. 2:13-cv-00282-GMN-CWH; *Prince v. Loop Capital Markets, LLC,* 2:13-cv-00429-MMD-GWF.

24

25

26

27        [2]"[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986).

28

1    Neither Lehman nor BANA filed an Answer within the permitted time and the state

2    court clerk entered default against them.  Shortly thereafter, Lehman removed the case

3    to federal court.  Lehman and BANA now move to set aside their respective defaults,

4    and all Defendants move to dismiss the Complaint.

5    **III.    DISCUSSION**

6    **A.    Legal Standard**

7    **1.    Motion to Set Aside Default**

8    Although default was entered in state court, the Federal Rules of Civil Procedure

9    govern the setting aside of such a default subsequent to removal. *See Butner v.*

10   *Neustadter*, 324 F.2d 783, 785-86 (9th Cir. 1963). "Prior to a default judgment being

11   entered, a default under Rule 55(a) can be set aside by the district court for 'good

12   cause.'" *Aristocrat Tech., Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228,

13   1232 (D. Nev. 2009) (*citing* Fed. R. Civ. P. 55(c)).  The Court's discretion is especially

14   broad when an entry of default, as opposed to a default judgment, is being set aside.

15   *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). "Where timely relief is

16   sought from a default . . . and the movant has a meritorious defense, doubt, if any,

17   should be resolved in favor of the motion to set aside the default so that cases may be

18   decided on their merits." *Id.* (*quoting Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941,

19   945 (9th Cir.1986). "[T]he district court should consider whether: (1) the plaintiff would be

20   prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and,

21   (3) the defendant's culpable conduct led to the default." *Id.* (*citing Falk v. Allen*, 739 F.2d

22   461, 463 (9th Cir.1984)).

23   **2.    Motion to Dismiss**

24   A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

25   relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide

26   "a short and plain statement of the claim showing that the pleader is entitled to relief."

27   Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This

28   statement must give the defendant fair notice of a legally cognizable claim and the

1  grounds on which it rests. *Id.*  A district court must accept as true all well-pled factual

2  allegations in the complaint; however, legal conclusions are not entitled to the

3  assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere recitals of the

4  elements of a cause of action, supported only by conclusory statements, do not suffice.

5  *Id.* at 678.

6       While Rule 8 does not require detailed factual allegations, it demands "more than

7  labels and conclusions" and "[f]actual allegations must be enough to rise above the

8  speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a

9  complaint must contain sufficient factual matter to "state a claim to relief that is plausible

10  on its face." *Id.* at 570.  When the claims in a complaint have not crossed the line from

11  conceivable to plausible, the plaintiff's complaint must be dismissed. *Id.*  However, the

12  Court also notes the well-established rule that *pro se* complaints are subject to "less

13  stringent standards than formal pleadings drafted by lawyers" and should be "liberally

14  construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

15       **B.    Analysis**

16            **1.    Motions to Set Aside Defaults**

17       The Court finds that the defaults entered against BANA and Lehman should be

18  set aside.  BANA's delay resulted from the fact that Plaintiff did not properly serve them

19  as required under Nevada law.  Lehman did not timely appear because of its attempt to

20  determine if, in fact, it had any interest in the Property.  Given the scant facts alleged in

21  the Complaint, any investigation would be difficult. The Court finds that Defendants have

22  established good cause and notes that the Plaintiff will not be prejudiced by setting aside

23  the defaults.  Further, Defendants have meritorious arguments as discussed below, and

24  their delays were not dilatory. For these reasons, the case should proceed on its merits.[3]

25  ///

26

27       [3] The Court also notes that Plaintiff did not oppose Motions identified in this Order
to and is considered to have consented to the granting of these Motions under Local
28  Rule 7-2(d).

1          **2.     Motions to Dismiss**

2          Regarding the merits, the Court finds that Plaintiff's Complaint, even liberally

3    construed, fails to state a claim upon which relief may be granted. The Complaint suffers

4    from three significant deficiencies. First, the contents of the Complaint are severely

5    lacking in form and substance.   Not only does the Complaint not identify particular

6    causes of action, the factual allegations are vague and devoid of any detail regarding

7    specific actions taken by specific defendants. In fact, the Complaint does not specify who

8    issued the Notice of Default or even if Plaintiff was actually deprived of property in

9    foreclosure proceedings.  In short, the Complaint does not provide notice to Defendants

10   of a legally cognizable claim and the grounds on which it rests.

11         Second,   although   the   Complaint   references   intentional   and   negligent

12   misrepresentation, the Complaint relies on theories related to the securitization of the

13   mortgage. These theories have been expressly rejected by this Court and the Ninth

14   Circuit. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1044 (9th

15   Cir. 2011) (split the note); *Ernestberg v. Mortgage Investors Group,* No. 2:08-cv-01304-

16   RCJ-RJJ, 2009 WL 160241, *4-*5 (D. Nev. Jan. 22, 2009) (show me the note), *Dyson*

17   *Fourness v. Mortgage Elec. Registration Sys., Inc.,* No. 3-10-cv-40-ECR-RAM, 2010 WL

18   5071049 (D. Nev., Dec. 6, 2010) (extinguish the note); *Chavez v. Cal. Reconveyance*

19   *Co.,*  No.  2:10-cv-00325-RLH-LRL,  2010  WL  2545006  (D.  Nev.  June  18,  2010)

20   (securitization voids the deed of trust). Thus, to the extent the Complaint purports to

21   state claims under these theories, the claims fail as a matter of law.  As it is absolutely

22   clear that the deficiencies cannot be cured by amendment, these claims are dismissed

23   with prejudice.

24         Finally, to the extent that the Complaint relies on theories of misrepresentation,

25   the Complaint does not allege sufficient allegations to support the elements of these

26   claims. To state a claim for intentional misrepresentation a plaintiff must show: (1) a

27   defendant made a false representation;  (2) with knowledge or a belief that the

28   representation was false (or knowledge that defendant had an insufficient basis for

1  making the representation); (3) with the intention of inducing the party to act or refrain

2  from acting upon the misrepresentation; (4) the plaintiff justifiably relied on the

3  representation; and (5) the plaintiff suffered damage. *Scaffidi v. United Nissan*, 425 F.

4  Supp. 2d 1159, 1168-69 (D. Nev. 2005). Negligent representation requires the same

5  showing except that a plaintiff need only show that the defendant made the

6  representation without a reasonable basis for believing its truthfulness, *id.* at 1170, or

7  that defendant made no representation despite a duty to speak, *In re Agribiotech, Inc.*,

8  291 F.Supp.2d 1186, 1191–92 (D.Nev.2003).

9        Plaintiff's Complaint does not allege that any Defendant made any representation

10 to Plaintiff.  Nor does it include allegations encompassing any of the other elements of

11 intentional or negligent misrepresentation.  As such, the Complaint is insufficient to state

12 a claim upon which relief may be granted and must be dismissed.[4] Nonetheless, the

13 Court finds that Plaintiff may be able to allege additional and specific facts that would

14 cure these existing deficiencies.  Plaintiff may bring a motion to amend, together with a

15 proposed amended complaint that cures the articulated deficiencies pursuant to Local

16 Rule 15-1 within thirty (30) days.

17 **IV.    CONCLUSION**

18        IT IS THEREFORE ORDERED that Defendants Bank of America (La Salle Bank

19 National Association) and Lehman Brothers Holdings Inc.'s Motions to Set Aside Default

20 (dkt. nos. 7, 11) are GRANTED.

21        IT IS FURTHER ORDERED that Defendants Bank of America (La Salle Bank

22 National Association), Lehman Brothers Holdings Inc., and U.S. Bank National

23 Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-

24 ///

25

26

27        [4]The Court also notes that the Complaint fails to specify "the who, what, when, where and how" of the misstatement as required under the heightened pleading standard of Fed. R. Civ. P. 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

28

1   Through Certificates, Series 2004-8's Motions to Dismiss (dkt. nos. 6, 10, 17) are

2   GRANTED.

3   Plaintiff has thirty (30) days to move to amend her Complaint to assert

4   misrepresentation claims to the extent Plaintiff is able to allege sufficient facts to cure the

5   deficiencies identified in this Order.

6

7   DATED THIS 23rd day of August 2013.

8

9   MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28